**John A. ZOSIMO, Plaintiff,**

v.

**Raul DELVALLE, John O'Meara, Tapeswitch Corp., and Inductotherm Corp., Defendants.**

No. CV 96–3042(ADS).

United States District Court, E.D. New York.

Nov. 12, 1998.

Weber & Weber, Hauppauge, NY (Laurence P. Meyer, of counsel), for Plaintiff.

Keller, O'Reilly & Watson, P.C., Woodbury, NY (Kevin W. O'Reilly, of counsel), for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This matter arises from the claim of the plaintiff, John A. Zosimo ("Zosimo" or the

"plaintiff"), under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). Tapeswitch Corp. was Zosimo's employer, Inductotherm Corp. is the parent company of Tapeswitch, Raul Delvalle was the Zosimo's supervisor, and John O'Meara is the chairman of the Board of Tapeswitch. (collectively, the "defendants"). Presently before the Court is the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I. BACKGROUND

At the time of the filing of the complaint, Zosimo was sixty-one years old and had been employed as a maintenance mechanic by the defendant Tapeswitch. The Chairman of the Board of Tapeswitch, O'Meara, states in his affidavit that "the maintenance mechanic . . . must be able to consistently and timely perform maintenance and repair of the equipment in order to assure that production continues at a maximum level." (Defendants' Motion at Exhibit Q, at 2). As an at-will employee, Zosimo worked for Tapeswitch for approximately three months, from June 13, 1994 until August 5, 1994. (Defendants' Motion at Exhibit O). Zosimo asserts that when he was hired, Tapeswitch was unaware of his age. (Affidavit of Zosimo at ¶ 2). On June 27, 1994, Tapeswitch learned Zosimo's age when he showed his driver's license to a supervisor upon completion of an Employment Eligibility Form (Form I–9). (Zosimo Deposition at 27–28). On August 5, 1994, upon being terminated from employment with Tapeswitch, Zosimo claims that his direct supervisor, Raul Delvalle, "did say, in a nasty way, 'Why don't I retire?'" (Affidavit of Zosimo at ¶ 6); (Deposition of Zosimo at 36). Zosimo claims that he never received any criticism from Delvalle or any other supervisor until he was told that he was being terminated. (Deposition of Zosimo at 35). "After I told him that he had no right to tell me to retire, [only] then he tried to change it by trying to find fault." *Id.* at 44. After being terminated, Zosimo met with O'Meara, who told Zosimo that he would not undermine the decision of Delvalle. *Id.* at 37.

In his affidavit, O'Meara claims that Zosimo was terminated because of negative reports from his supervisor, Delvalle, as well as from his own personal observations. (Defendants' Motion Exhibit Q, at 1). O'Meara also asserts that neither he nor Delvalle were aware of Zosimo's age at the time they made the decision to terminate him from employment. *Id.* at 4. Delvalle claims that Zosimo first mentioned the issue of retirement: "Mr. Zosimo said that the termination didn't matter since he didn't even need to work. He said that he could retire if he wanted to at anytime. I asked him, 'if you can retire than why don't you?'" (Defendants' Motion Exhibit F, at 1). The defendants deny that age was a factor in the decision to terminate Zosimo's employment and that he was terminated due to poor job performance.

## II. DISCUSSION

### A. *Summary Judgment: the Standard*

A district court may grant summary judgment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact, *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir.1996), and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must, however, resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir.1995). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Vann v. City of New York*, 72 F.3d 1040 (2d Cir.1995). The party seeking summary judgment has the burden of showing that no genuine factual dispute exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *Holt v. KMI–Continen-*

tal, Inc., 95 F.3d 123, 128 (2d Cir.1996), cert. denied, — U.S. —, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997); Rattner v. Netburn, 930 F.2d 204, 209 (2d Cir.1991). Thus, "the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." Cronin v. Aetna Life Insurance Co., 46 F.3d 196, 202 (2d Cir.1995) (citations omitted). The District Court is charged with the function of "issue finding", not "issue resolution." Gallo v. Prudential Residential Servs., Ltd., Partnership, 22 F.3d 1219, 1224 (2d Cir.1994).

Finally, the Court of Appeals has warned that trial courts must be especially cautious about granting summary judgment in discrimination cases, because in such cases the employer's intent is ordinarily at issue. See, e.g., Gallo, 22 F.3d at 1224. Since it is rare to discover direct proof that a personnel decision was made for a discriminatory reason, whatever other relevant depositions, affidavits and materials that are before the district court must be carefully scrutinized for circumstantial evidence that could support an inference of discrimination. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir.1994).

It is within this framework that the Court addresses the grounds for the present motion for summary judgment.

## B. ADEA: The Standards

The ADEA provides, in relevant part, that it is "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). At trial, it is the plaintiff's burden to prove employment discrimination on the basis of age. Gallo, 22 F.3d at 1224.

■ A plaintiff asserting an age discrimination claim must meet an initial burden of presenting evidence sufficient to establish a prima facie case of the alleged violation of ADEA. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); Texas Dep't of Commu-

nity Affairs v. Burdine, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir.1995). Once the plaintiff establishes a prima facie case, the burden shifts to the employer to rebut it through the introduction of evidence of non-discriminatory reasons that support a finding that unlawful discrimination was not the cause of the discharge. Hicks, 509 U.S. at 506–07, 113 S.Ct. 2742; Cronin, 46 F.3d at 203. If the employer meets that burden, the plaintiff retains the "ultimate burden of persuasion" and the burden of proof to demonstrate that the challenged employment action was the result of intentional age discrimination. Hicks, 509 U.S. at 511, 113 S.Ct. 2742; Cronin, 46 F.3d at 203. The plaintiff is only required to show that age discrimination was one of the motivating factors. See e.g., Price Waterhouse v. Hopkins, 490 U.S. 228, 247, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (plurality opinion); Cronin, 46 F.3d at 203. While the plaintiff may present additional evidence that shows that the employer's proffered reasons for termination were a pretext; ultimately, the plaintiff can rely on his prima facie case to be successful on an age discrimination claim. Hicks, 509 U.S. at 511, 113 S.Ct. 2742.

■ A prima facie case of discharge resulting from age discrimination is established if the plaintiff shows, through direct or circumstantial evidence, that: (1) he was within the protected age group; (2) he was qualified for the position; (3) he was discharged; and (4) the discharge occurred under circumstances giving rise to an inference of discrimination. Cronin, 46 F.3d at 204. The Second Circuit has stated that the plaintiff's burden of establishing a prima facie case in a discrimination suit is "de minimis," Chambers, 43 F.3d at 37. To defeat a defendant's motion for summary judgment, the plaintiff need only show that there is a material issue of fact "that would be sufficient to permit a rational finder of fact to infer a discriminatory motive." Id. at 204. "Thus, unless the employer has come forward with evidence of a dispositive nondiscriminatory reason as to which there is no genuine issue and which no

rational trier of fact could reject, the conflict between the plaintiff's evidence establishing a prima facie case and the employer's evidence of a nondiscriminatory reason reflects a question of fact to be resolved by the factfinder after trial." *Id.* at 203. (Citation omitted).

### C. *The Court's Findings*

The parties agree that Zosimo was within the protected age group, that he was originally qualified for the position, and that he was discharged. Therefore, the disputed issues in this case center on: (1) whether the "discharge" occurred under circumstances giving rise to an inference of age discrimination, (2) whether the defendant had legitimate, non-discriminatory reasons for the employment actions taken, and (3) whether the plaintiff's age was a motivating factor in this discharge.

█ Drawing all inferences in favor of the non-moving party, Zosimo has presented sufficient evidence that warrants an inference that his discharge was influenced by age. Zosimo's claim is based primarily on three facts. First, that at the time he was hired, the defendants were unaware of his age. Second, shortly after he began working at Tapeswitch, he provided his supervisor with his license, which contained his age, in order to verify an employment form. Third, when he was terminated, his supervisor allegedly stated "why don't you just retire."

█ While the defendants assert that the reason for Zosimo's termination was his poor job performance, the Court concludes that a genuine issue for the trier of the facts exists. Whether Zosimo was terminated, in part, due to his age as evidenced by the alleged statement of Delvalle; or whether Zosimo was terminated due to his poor job performance, as evidenced by the affidavits of Delvalle and O'Meara, is an issue of fact that requires a jury to determine the intent of the defendants at the time Zosimo was terminated.

Therefore, for the reasons stated above, it is hereby

**ORDERED,** that the defendants' motion for summary judgment is denied; and it is further

**ORDERED,** that all parties are directed to appear for jury selection on January 19, 1999 at 9:00 AM.

**SO ORDERED.**